**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CESAR ALEJANDRO GONZALEZ QUERALES,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1675-G** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.**[1] | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Cesar Alejandro Gonzalez Querales, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Charles B. Goodwin referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 11, and Petitioner filed a reply, Doc. 12. So, the matter is at issue.

---

1 Fred Figueroa, Warden of the Diamondback Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 11, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition and order Respondents to immediately release Petitioner.

**I. Factual background and procedural history.**

Petitioner is a citizen of Venezuela who entered the United States on October 31, 2023. Doc. 1, at 2, 5. He had a previously scheduled appointment with U.S. Customs and Border Protection, who paroled him. *Id.* at 2. He sought asylum and resided lawfully in the United States until Immigration and Customs Enforcement (ICE) arrested him on June 11, 2026. *Id.* at 5.

**II. Petitioner's claim.**

Petitioner argues that Respondents violated his Fifth Amendment due process rights by depriving him of his liberty interest. *Id.* at 17-19. He seeks expedited consideration, an order that Respondents may not transfer him during the pendency of this proceeding, a declaration that his continued detention without any individualized justification violates the Due Process Clause of the Fifth Amendment, and his immediate release.[4] *Id.* at 19. Respondents do not address this argument. Instead, they filed a form brief addressing only an irrelevant statutory argument they concede "is controlled

---

[4] The Court addressed this request in part in its Order for Response, Doc. 7.

by the Tenth Circuit's opinion in [*Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)]." Doc. 11, at 1.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Respondents violated Petitioner's due process rights.

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("It is well established that the Fifth

Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks omitted).

This Court analyzes Petitioner's procedural due process claim "in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State . . .; the second examines whether the procedures attendant upon th*at deprivation were constitutionally sufficient."* *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted) (emphasis added). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969-70 (N.D. Cal. 2019) (first citing *Morrissey*

*v. Brewer*, 408 U.S. 471, 482 (1972) (parolee), and then citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probation)). *See also Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025) ("When the government grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment."); *Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'"); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at *3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Respondents deprived Petitioner of his liberty when they arbitrarily revoked his parole and placed him in custody.

Turning to the *Mathews* factors, the undersigned finds that Petitioner has a significant private interest in remaining free from immigration detention after spending over two years on release. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention. Respondents do not challenge Petitioner's assertions that he was initially released on parole and that he abided by the terms of his release. During his years of release, his

interest in release grew even stronger as he "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the undersigned considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he has received no notice of the reason for his parole revocation or opportunity to challenge it, and simple procedures exist that would mitigate those risks. "Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026), *adopted* 2026 WL 440566 (E.D. Cal. Feb. 17, 2026). Nothing in the record shows that Petitioner received any procedural safeguards to determine whether the revocation of his parole and his detention were justified, and thus Respondents have detained him without any stated cause. This factor weighs in Petitioner's favor. *See E.A. T.-B. v. Wamsley,* 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not

eliminate its obligation to effectuate the detention in a manner that comports with due process.”).

Finally, the undersigned considers the Government’s interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. “While this Court recognizes that the government has an interest in enforcing immigration laws, the government’s interest in re-detaining [P]etitioner without adequate notice and an opportunity to challenge the revocation of his release is low.” *Saqib*, 2026 WL 350830, at *6; *see, e.g., Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (“[T[he Court concludes that the government's interest in re-detaining Petitioner . . . is ‘low,’ particularly in light of the fact that Petitioner[ ] has long complied with his reporting requirements.”). And the undersigned can discern no significant administrative or fiscal burden associated with placing the burden on the government to follow its own regulations. *See, e.g., Iza*, 2026 WL 67152, at *3.

The undersigned concludes Respondents violated Petitioner's due process rights when they summarily revoked his parole. Under these circumstances, it is not merely the denial of a post-arrest bond hearing that warrants habeas relief but the improper re-detention itself. Therefore, an order for a bond hearing would be an inadequate remedy for the ongoing violation of Petitioner’s liberty interest; the proper remedy is Petitioner’s immediate

release from detention subject to the same conditions that governed his earlier release. *See, e.g, Amefia v. Grant*, No. CIV-26-975-R, 2026 WL 2569495, at *1 (W.D. Okla. Aug. 31, 2026) (adopting report and recommendation where magistrate judge "found that because (1) Petitioner previously received a bond hearing at which an Immigration Judge determined he was not a flight risk or danger to the community, (2) Petitioner was thereafter released on bond, and (3) Respondents re-detained him without notice, a hearing, or a material change in circumstances, Respondents have violated Petitioner's due process rights" and ordering immediate release); *Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (adopting report and recommendation that found the petitioner's re-detention had violated 8 U.S.C. § 1226(b) and granting immediate release); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *2-3 (W.D. Okla. May 27, 2026) (same); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1623419, at *6-7 (W.D. Okla. Apr. 17, 2026) (applying *Mathews* factors to grant immediate release when the petitioner had been re-detained without notice after being paroled and released), *adopted* 2026 WL 1207088 (W.D. Okla. May 4, 2026).

## V. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Court GRANT the Petition and order Respondents to immediately release

Petitioner subject to the conditions of his prior release. The undersigned further recommends the Court order Respondents to submit a declaration affirming they have released Petitioner from custody, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 14, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE